UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-012 (JMB/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| Dandre Franklin, | |
| Defendant. | |

David Green, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., The Flour Exchange, Suite 5010, 310 Fourth Avenue South, Minneapolis, MN 55415 (for Defendant).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Dandre Franklin's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars, ECF No. 18. This motion has been referred to the undersigned for a report and recommendation to the district court, the Honorable Jeffrey M. Bryan, Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. Local Rule 72.1.

A hearing on the motion was held on March 14, 2024. ECF No. 21. Assistant United States Attorney David Green appeared on behalf of the Government. Attorney Kenneth Udoibok appeared on behalf of Defendant. Neither party requested post-hearing briefing, and this motion is ripe for determination by the Court.

1

## II. BACKGROUND

On December 29, 2023, Defendant was charged in a Criminal Complaint for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 2. The accompanying affidavit, signed by Special Agent Boyer for the Bureau of Alcohol, Tobacco, Firearms and Explosives, alleges that at approximately 5:15 p.m. on or about March 28, 2022, Minneapolis Police officers responded to a shots-fired call on the third floor of an apartment building located on Elliot Avenue South in Minneapolis, Minnesota. *See* Aff. of Nathan Boyer ¶ 4, ECF No. 2-1. At the scene, law enforcement located an individual who had suffered from multiple gunshot wounds and was pronounced dead at the scene by paramedics. *Id.* ¶ 4. Law enforcement recovered four 10mm discharged cartridge casings at the scene which were later determined to be manufactured by Ammo Incorporated which is produced in either Arizona or Wisconsin. *Id.* ¶¶ 4, 9. After running DNA testing on the recovered ammunition, the Minnesota Bureau of Criminal Apprehension reported that Defendant "was a major contributor of DNA that was located on the four 10mm discharged cartridge casings." *Id.* ¶ 5.

Law enforcement learned from a mirandized interview with an individual with the initials G.C. that on or about March 28, 2022, G.C. picked up Defendant and another individual with the initials J.E. in G.C.'s vehicle and drove to an apartment building located on Elliot Avenue South. *Id.* ¶ 6. According to G.C., Defendant and J.E. entered the apartment building with G.C. following behind them and they proceeded to go the third floor of the apartment via the stairwell. *Id.* G.C. informed law enforcement that as he approached the door that separated the stairwell from the third floor, he heard gun shots.

*Id.*

Surveillance footage from the apartment building on or about March 28, 2022, at approximately 5:12 p.m. showed Defendant and two other men enter the apartment a few minutes before officers received the shots-fired call. *Id.* ¶ 7. Surveillance footage also showed Defendant and the two other men leave the building approximately 1 minute and 30 seconds later. *Id.* ¶ 8. G.C. also told law enforcement that while they were driving away from the apartment, Defendant stated he "had to do it" repeatedly. *Id.* The affidavit also alleges that based on Special Agent Boyer's training, experience, and knowledge of the investigation, Defendant's statement that he "had to do it" was likely referencing the shooting of the individual who was later pronounced dead at the scene. *Id.* The affidavit further alleges that Defendant had been convicted of three felony offenses; each were punishable by imprisonment for terms exceeding one year. *Id.* ¶ 10.

Later, on January 24, 2024, Defendant was charged in a one-count, two-page Indictment. *See* ECF No. 12. Count One charges Defendant with being a felon in possession of ammunition. *Id.* at 1. According to the Indictment, "[o]n or about March 28, 2022, in the State and District of Minnesota, the defendant, Andre Franklin, a/k/a 'Do-Man,'" having previously been convicted of a felony, "did knowingly possess, in and affecting interstate and foreign commerce, ammunition, that is Ammo Incorporated 10mm ammunition, all in violation of [18 U.S.C. §§] 922(g)(1) and 924(a)(8). *Id.* at 1-2. The Indictment also includes forfeiture allegations, stating that if Defendant is convicted of Count One, he shall forfeit all firearms, accessories, and ammunition including the Ammo Incorporated 10mm ammunition. *Id.* at 2.

### III. ANALYSIS

Defendant moves to dismiss Count One of the Indictment. Defendant argues that the Indictment "fails to state how Defendant possessed ammunitions [sic]." ECF No. 18 at 3. He further contends that the Government failed to establish the possession requirement under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) because Defendant's DNA on the discharged cartridge casings "cannot establish that Defendant knowingly possessed a firearm or ammunition" and that "the casing[s] [were] not found in any property owned by Defendant" and lastly, the Government had not "proven or alleged actual or constructive possession." *Id*. at 3-4. In the alternative, Defendant moves for a bill of particulars. Defendant contends that a bill of particulars is necessary because "[t]he indictment does not provide enough information sufficient for [him] to know the nature of the charge against him and with sufficient precision to enable him to prepare for trial." *Id.* at 5.

The Government opposes the motion. *See generally* Gov't's Resp., ECF No. 19. The Government contends that the Indictment uses standard language in this District, meets the requirements set by both the Federal Rules of Criminal Procedures and the Eighth Circuit, and sufficiently apprises Defendant of the charge to enable him to prepare a defense. *Id.* at 4-8. The Government also argues that a bill of particulars is not appropriate in this case because the Indictment enables Defendant "to prepare for trial and avoid the danger of surprise." *Id*. at 9.

### A. Motion to Dismiss the Indictment

Under the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense

4

charged." Fed. R. Crim. P. 7(c)(1).  It must "adequately inform the accused of the specific offense." *United States v. Hecker*, Crim. No. CR-10-32 (JNE/SRN), 2010 WL 3463393, at *8 (D. Minn. July 6, 2010) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)), *report and recommendation adopted*, 2010 WL 3463396 (D. Minn. Aug. 30, 2010).  "An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011) (citation omitted).  An indictment will be considered "sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).  "An indictment is normally sufficient if its language tracks the statutory language." *Id*. (citing *Hamling*, 418 U.S. at 117).

The Court finds that the Indictment in this case complies with the requirements of Rule 7(c)(1).  It clearly and plainly lists the charge against Defendant and identifies the statutes he is alleged to have violated. *See* ECF No. 12 at 1-2.  The Indictment alleges that on or about March 28, 2022, in Minnesota, Defendant possessed ammunition; that when he possessed the ammunition, he had been convicted of an offense punishable by imprisonment for a term exceeding one year; that he knew he had been convicted of an offense punishable by imprisonment for a term exceeding one year; and that the possession of the ammunition was in and affected interstate commerce. *Id.*  Further, the Indictment provides a specific date that the alleged offense took place on, Defendant's former felony

5

convictions, and the specific ammunition that Defendant allegedly possessed. *Id*. Thus, the information contained in the Indictment is legally sufficient to inform Defendant of the charge against him and ensures he is not indicted in another prosecution for the same conduct.

Defendant argues that the Indictment fails to state *how* he possessed ammunition. ECF No. 18 at 3. While Count One of the Indictment does not specify the type of possession Defendant used when he allegedly possessed the ammunition, the statutes Defendant is alleged to have violated do not either because the type of possession of ammunition is not an element of the offense Defendant is alleged to have committed. The Eighth Circuit's Model Criminal Jury Instructions set out four elements for a charge of being a felon in possession of ammunition:

> *One*, the defendant had been convicted of a crime punishable by imprisonment for more than one year (or describe other prohibited status);
>
> *Two*, after that, the defendant knowingly possessed ammunition, that is (describe ammunition);
>
> *Three*, at the time the defendant knowingly possessed ammunition, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and
>
> *Four*, ammunition was transported across a state line at some time during or before the defendant's possession of it.

*See* Model Crim. Jury Instr. 8th Cir. § 6.18.922A (2023). Neither the rules, case law, statutes, or the Eighth Circuit's Model Criminal Jury Instructions require the type of

6

possession to be alleged by the Government in the Indictment. *See Jackson v. United States*, No. 1:15CV00115 SNLJ, 2015 WL 6750807, at *9 (E.D. Mo. Nov. 5, 2015) ("Neither the statute (922(g)(1)) nor the [Model Criminal] instruction[s] are dependent on the definition of the type of possession committed by the defendant.").

Furthermore, an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). "An indictment which 'tracks the statutory language' is ordinarily sufficient." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013). Here, the Indictment closely tracks the statutory language of 18 U.S.C. § 922(g)(1) and lists all the elements of the offense Defendant is charged with violating. *See generally* ECF No. 12. The Indictment also contains the essential facts constituting the offense. It alleges the date the alleged offense occurred on, the district in which the offense occurred, and the specific type of ammunition Defendant is alleged to have possessed. *Id.* The Indictment in this case is sufficient.

To summarize, the Indictment contains all of the essential elements of the offense charged and fairly informs Defendant of the charge against which he must defend. Thus, the Court cannot say that the Indictment is "so defective that it cannot be said, by any reasonable construction, to charge the offense" in the Indictment. *See Sewell*, 513 F.3d at 821. Accordingly, the Court recommends that Defendant's motion to dismiss Count One of the Indictment be denied.

### B. Motion for a Bill of Particulars

A court may, in its discretion, "direct the government to file a bill of particulars."

Fed. R. Crim. P. 7(f); *see also United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993) ("The district court has broad discretion in granting or denying a bill of particulars."). A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or prosecutor." *United States v. Belfrey*, No. CR 14-373 (ADM/TNL), 2016 WL 1301085, at *2 (D. Minn. Apr. 1, 2016) (citation omitted). In general, courts order the government to file a bill of particulars where "the indictment fail[s] sufficiently to apprise the defendant of the charges to enable him to prepare a defense." *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986). "The primary purposes of a bill of particulars are to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *Id*. A bill of particulars, however, "is not a proper tool for discovery" and "is not to be used to provide detailed disclosure of the government's evidence at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993) (citations omitted).

As stated above, the Indictment contains all the essential elements of the offense charged, fairly informs Defendant of the charge against which he must defend and alleges sufficient information to allow Defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. It alleges that Defendant possessed ammunition; that when he possessed the ammunition, he had been convicted of an offense punishable by imprisonment for a term exceeding one year; that he knew he had been convicted of an offense punishable by imprisonment for a term exceeding one year; and that the possession of the ammunition was in and affected interstate commerce. *See* ECF No. 12 at 1-2. Further, the Indictment clearly alleges that the offense occurred on or about March 28,

2022, in Minnesota, and provides a description of the ammunition Defendant allegedly possessed. *Id*.

If the Indictment is not enough the Government points the Court to the Criminal Complaint and accompanying affidavit as well as the testimony at the preliminary hearing, the Government's prior discovery, and the Court's Order of Detention, ECF No. 11, which summarizes the testimony from the preliminary hearing. *See* Gov't's Resp. at 9. At the motions hearing, the Government reemphasized the allegations in Indictment as well as in the Criminal Complaint and the accompanying affidavit. Special Agent Boyer's affidavit sets forth the shooting that occurred on March 28, 2022, detailing the exact location of the shooting, including the exact floor of the apartment building on which the shooting took place, the exact time the shooting occurred, descriptions of the video footage of Defendant at the apartment building where the shooting occurred, and descriptions of Defendant's role in the shooting. *See* Boyer Aff. ¶¶ 4-8. The affidavit includes a still photo from the video footage showing Defendant walking into the apartment and describes the specific type of ammunition recovered from the scene. *See id*. ¶¶ 7, 9. This information adequately informs Defendant about the nature of the charge against him and the essential facts of the charge and allows him to prepare his defense for trial.

At the hearing on Defendant's motion, the Government represented that if the location of the offense needs to be more specific the Government did not oppose providing a bill of particulars on that point. However, "[b]ecause the Indictment, coupled with the discovery provided by the Government, is sufficient to fairly inform Defendant of the charge[] against [him] so as to enable [him] to prepare for trial," his motion for a bill of

9

particulars should be denied.  *See United States v. Morales*, Crim. No. 19-281 (SRN/BRT), 2020 WL 4043953, at *2 (D. Minn. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 4043310 (D. Minn. July 17, 2020).

The Court finds that the Indictment is sufficient under Rule 7(c)(1) because it contains all of the essential elements of the offense charged, fairly informs Defendant of the charge against him, and alleges sufficient information for Defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.  The Court also finds that a bill of particulars is not required because the Indictment, along with discovery and information provided by the Government in the affidavit accompanying the Criminal Complaint, apprises Defendant sufficiently of the charge, enables him to prepare his defense, and avoids the element of surprise at trial.  Accordingly, the Court recommends that Defendant's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars, ECF No. 18, be denied.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that: Defendant's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars, ECF No. 18, be **DENIED**.

Date: April 12, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Franklin*
Case No. 24-cr-012 (JMB/TNL)

# NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.