UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 24-CR-00012 (JMB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Dandre Franklin, | |
| Defendant. | |

---

This matter is before the Court on Defendant Dandre Franklin's Objection (Doc. No. 26) (Objection) to the Report and Recommendation (R&R) issued by Magistrate Judge Tony N. Leung on April 12, 2024 (Doc. No. 24), which recommends that Franklin's Motion to Dismiss the Indictment, or in the Alternative, for a Bill of Particulars (Doc. No. 18) be denied.  For the reasons set forth below, the Court overrules Franklin's Objection, adopts the R&R, and denies Franklin's motion.

## BACKGROUND

The factual background for this matter is clearly and precisely set forth in the R&R and is incorporated here by reference.  An abbreviated background is set forth below for purposes of resolving the pending Objection.

### A.   Charging Documents

On December 29, 2023, Franklin was charged by Complaint for being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). (Doc. No. 2.) An affidavit by Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent

1

Nathan R. Boyer is appended to the Complaint. (*See* Doc. No. 2-1.) In it, Boyer stated that, at around 5:15 p.m. on March 28, 2022, Minneapolis police officers responded to a shots-fired call at an apartment building in south Minneapolis. (*Id.* ¶ 4.) Inside, on the third floor of the apartment building, police discovered a man who had suffered gunshot wounds to his head and chest. (*Id.*) He was pronounced dead at the scene. (*Id.*)

Boyer explained in his affidavit that, in an interview with Minneapolis homicide investigators, an individual identified as "G.C." stated that, on or about March 28, 2022, he drove in his car to the apartment building at issue with Franklin and another individual identified as "J.E." (*Id.* ¶ 6.) After arriving, Franklin and J.E. entered the apartment building and used a stairwell to access the third floor. (*Id.*) G.C. followed soon after. (*Id.*) As G.C. approached the door on the landing of the third floor, he heard gun shots. (*Id.*) Investigators showed G.C. surveillance footage recovered from the apartment building that showed three men entering the apartment complex around 5:12 p.m. (*Id.* ¶ 7.) G.C. identified himself and Franklin as two of those men. (*Id.*) That same surveillance video showed the three men exit the apartment building approximately ninety seconds after entering. (*Id.* ¶ 8.) G.C. stated that, while he, J.E., and Franklin drove away from the apartment building, Franklin "repeatedly stated he 'had to do it.'" (*Id.*)

Boyer further stated in his affidavit that police officers recovered four 10mm discharged cartridge casings at the scene. (*Id.* ¶ 4.) The Minnesota Bureau of Criminal Apprehension later processed the casings and reported that Franklin was "a major contributor of DNA" on all four. (*Id.* ¶ 5.) Boyer learned that the casings were manufactured outside of the state of Minnesota. (*Id.* ¶ 9.)

2

Finally, Boyer researched Franklin's criminal history record and determined that Franklin had been convicted of three felony-level offenses, each of which was punishable by a prison term of over one year.  (*Id.* ¶ 10.)  Boyer provided a list of such convictions, including the date of conviction and the court file number for each case.  (*Id.*)

On January 24, 2024, Franklin was charged by Indictment for being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8) (Indictment).  (Doc. No. 12.)  The one-count Indictment reads as follows:

> On or about March 28, 2022, in the State and District of Minnesota, the defendant, Dandre Franklin a/k/a "Do-Man," having previously been convicted of [three] crimes,[1] each of which was punishable by imprisonment for a term exceeding one year . . . and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, ammunition, that is Ammo Incorporated 10mm ammunition, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

(*Id.* at 1–2.)  The Indictment also includes allegations of forfeiture.  (*See id.* at 2.)

### B.     Franklin's Motion to Dismiss the Indictment

Franklin moved to dismiss the Indictment on grounds that it did not adequately set forth the charge against him because it failed to state how he knowingly possessed the ammunition.  (*See* Doc. No. 18 at 2–4.)  In the alternative, Franklin moved for a Bill of Particulars.  (*Id.* at 4–5.)

---

[1] The Indictment lists Franklin prior convictions, including the conviction date, the court in which he was convicted, and the relevant case file number for each crime.  (*Id.* at 1.)

3

The Magistrate Judge recommended denying Franklin's motion because the Indictment clearly and plainly sets forth the charge against Franklin, satisfying Federal Rule of Criminal Procedure 7(c)(1). (*See* Doc. No. 24.) The Magistrate Judge further recommended that Franklin's alternative motion for a Bill of Particulars be denied because, taken together, the Indictment, Boyer's affidavit, and discovery "adequately inform[] Defendant about the nature of the charge against him and the essential facts of the charge and allows him to prepare his defense for trial." (*Id.* at 9–10.)

## ANALYSIS

Franklin now objects to the Magistrate Judge's conclusion in the R&R that the Indictment adequately states the charge against him. Specifically, he argues that the Indictment is legally insufficient because it "fails to posit facts sufficient to show that Defendant knowingly possessed ammunition." (Doc. No. 26 at 3.) He contends that camera footage showing Franklin entering and leaving the apartment building and the presence of DNA on discharged casings "are not sufficient details that would meet the requirement of Fed. R. Crim. P. 7(c)." (*Id.* at 4; *see also id.* at 3–4.) In response, the Government contends that the Magistrate Judge's reasons for recommending denial of Franklin's motion to dismiss are sound and that Franklin's assertions otherwise are simply an attempt to rehash arguments already made and properly rejected. (*See* Doc. No. 27.) The Court reviews the objected-to portions of the R&R de novo, 28 U.S.C. § 636(b)(1); *see also* D. Minn. L.R. 72.2(b). Applying that standard of review, the Court overrules the objection, adopts the R&R, and denies the motion.

Federal Rule of Criminal Procedure 12(b)(3)(B) sets forth the grounds on which a defendant may move to dismiss an indictment. Franklin does not explicitly specify from which defect listed in Rule 12(b)(3)(B) he believes the Indictment suffers. Nevertheless, the Court gleans from his motion to dismiss and Objection that he believes that the Indictment "fail[s] to state an offense." *See* Fed. R. Crim. P. 12(b)(3)(B)(v).

Federal Rule of Criminal Procedure 7(c) requires that, to adequately state an offense, "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Further, an indictment will be deemed sufficient on its face under Rule 7(c) if it:

> contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*U.S. v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *U.S. v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (providing that indictment is sufficient "unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted" (quotation omitted)). Usually, this standard is satisfied if the language of the indictment "tracks the statutory language." *U.S. v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009).

Turning to the statutory language, 18 U.S.C. § 922(g)(1) provides as follows:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or

> foreign commerce, or possess in or affecting commerce, any firearm or ammunition[.]

Further, the elements of the crime of felon-in-possession are as follows: (1) previous conviction of a crime punishable by a term of imprisonment exceeding one year; (2) knowing possession of ammunition; and (3) the ammunition was in or affecting interstate commerce. *E.g.*, *U.S. v. Garcia-Hernandez*, 803 F.3d 994, 996 (8th Cir. 2015) (citing 18 U.S.C. § 922(g)(1)).

Here, the Indictment tracks the statutory language of section 922(g)(1). (*See* Doc. No. 12.) In addition, the Indictment alleges each of the elements of the crime charged, including the following: (1) the date of the alleged offense; (2) that Franklin has previous convictions of crimes that are punishable by a term of imprisonment exceeding one year; (3) that Franklin knowingly possessed ammunition; (4) the type of ammunition involved in the alleged offense; and (5) that the ammunition was possessed in and affecting interstate commerce. (*See id.*) The Indictment, on its face, unambiguously informs Franklin of the crime for which he is alleged to have committed and, therefore, satisfies Rule 7(c)(1).

In his Objection, Franklin asks the Court to look beyond the face of the Indictment and to determine that the presence of Franklin's DNA on the ammunition is insufficient evidence to satisfy the "knowing possession" element. He asserts that "[i]t has been clear that DNA evidence, without more, is unreliable." (Doc. No. 26 at 4.) These assertions are misplaced on a motion to dismiss based on sufficiency under Rule 7(c)(1). It is well-settled that the inquiry under Rule 7(c)(1) is whether the indictment, on its face, charges an offense; the sufficiency of the evidence to support a conviction on that offense is not at

issue. *See U.S. v. Williams*, 504 U.S. 36, 37, 53–55 (1992) (holding that motions to dismiss indictments on grounds that evidence presented to grand jury was insufficient "have never been allowed"); *U.S. v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."); *U.S. v. Hughson*, 488 F. Supp. 2d 835, 841 (D. Minn. 2007) ("Ordinarily, the Court's assessment is limited to the 'four corners' of the Indictment, and the Court should studiously avoid the consideration of evidence from sources beyond the Indictment."); *U.S. v. Augustine Med., Inc.*, No. 03-CR-321(1-8) (ADM/AJB), 2004 WL 256772, at *2 (D. Minn. Feb. 10, 2004) ("In reviewing a 12(b) motion to dismiss the indictment, the Court does not entertain an evidentiary inquiry, but rather accepts the allegations of the Indictment as true."). Franklin has not provided the Court any reason to contravene this well-settled principle.

## ORDER

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Dandre Franklin's Objection to the Report and Recommendation (Doc. No. 26) is OVERRULED;

2. The Report and Recommendation (Doc. No. 24) is ADOPTED and Franklin's Motion to Dismiss the Indictment, or in the Alternative, for a Bill of Particulars (Doc. No. 18) is DENIED.

Dated: June 10, 2024                                *s/ Jeffrey M. Bryan*
                                                                  Judge Jeffrey M. Bryan
                                                                  United States District Court